# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SALESFORCE.COM, INC.,**<br><br>*Defendant.* | Civil Action No.:   **6:23-cv-00046**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, complains of Defendant Salesforce.com, Inc. ("Salesforce" or "Defendant"), and alleges the following:

### NOTICE OF RELATED CASES

This case is related to the active case titled *WSOU Investments LLC v. Salesforce.com, Inc.*, No. 6-20-cv-01163-ADA. Plaintiff incorporates by reference herein the Notice of Related Case that is being filed concurrently with this Complaint.

### THE PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. On information and belief, Defendant Salesforce is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 415 Mission Street, 3rd Floor, San Francisco, California 94105.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Salesforce because it has engaged in systematic and continuous business activities in this District. As described below, Salesforce has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Salesforce has committed acts of patent infringement in this District, and has established places of business in this District and in Texas. As non-limiting examples, Defendant has an office in Austin that it lists on its website on the "Global Offices" page: 600 Congress Avenue, Austin, Texas, 78701. On information and belief, Salesforce has more than 600 employees that work in this judicial district, including employees working in the cities of Waco, Austin, and San Antonio. The titles of said employees include "Vice President," "Principal Architect," and "Senior Director."

7. Salesforce has at least 16 community groups in this District through its Trailblazer Community platform, including groups in Austin, San Antonio, and El Paso. Salesforce promotes these groups on its Trailblazer Community website and describes them as "Powered by Salesforce Trailblazer Community."

## PATENT-IN-SUIT

8. Plaintiff is the assignee of all right, title, and interest in United States Patent No. 7,551,731 ("the '731 Patent" or "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '731 PATENT

9. The '731 Patent is entitled "Flexible caller ID and calling name information presentation," and issued on June 23, 2009. The application leading to the '731 Patent was filed on August 31, 2004. A true and correct copy of the '731 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

10. The '731 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '731 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '731 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant's products identified in the chart incorporated into this Count below (among the "Accused Products") that infringe at least the exemplary claims of the '731 Patent also identified in the chart incorporated into this Count below (the "Exemplary '731 Patent Claims") literally and/or by the doctrine of equivalents. On information and belief, other products that infringe the claims of the '731 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. On information and belief, Defendant also has and continues to directly infringe, literally and/or under the doctrine of equivalents, the Exemplary '731 Patent Claims, by having its employees internally test and use these Accused Products.

14.     **Actual Knowledge of Infringement**. The service of the Complaint upon Defendant in Related Case 6-20-cv-01163-ADA constitutes actual knowledge of the '731 Patent and infringement, as alleged here.

15.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '731 Patent. On information and belief, and as described further below, Defendant has also continued to sell the Accused Products and advertised and promoted the use of the Accused Products on various websites, including providing instructions on how to implement and configure the Accused Products, inducing end users and others to use its products in the customary and intended manner that infringes the '731 Patent. *See* Exhibit 2 (described below).

16.     **Willful Infringement**. On information and belief, Defendant's infringement of the '731 Patent, since at least as early as service of the Complaint upon Defendant in Related Case 6-20-cv-01163-ADA, has been willful and merits increased damages.

17.     **Induced Infringement**. On information and belief, Defendant actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that induce infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '731 Patent with knowledge of the '731 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '731 Patent. Defendant has actively induced others, including, but not limited to, customers, purchasers, developers, and/or end users of the Accused Products to infringe the '731 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this judicial district, by, among other things, advertising, promoting, and instructing the use of the Accused Products via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the Accused Products, and selling the

Accused Products to its customers, including for use in end-user products, in a manner that infringes one or more claims of the '731 Patent.

18.     For example, Defendant induces such acts of infringement by their affirmative actions of intentionally providing the Accused Products that, when used in their normal and customary way as desired and intended by Defendant, infringe one or more claims of the '731 Patent and/or by directly or indirectly providing instructions on how to use the Accused Products in a manner or configuration that infringes the one or more claims of the '731 Patent.  Defendant encourages and induces customers to use the Accused Products in a manner that infringes the '731 Patent by its activities relating to selling, marketing, advertising, promoting, installing, and supporting its Accused Products, as described in this Complaint and in Exhibit 2 (described below).  On information and belief, Defendant provides customer service or technical support to purchasers of the Accused Products, which directs and encourages customers to perform certain actions as a condition to use the Accused Products in an infringing manner. See for example:

- "Configure Caller ID for Your Contact Center," https://help.salesforce.com/s/articleView?id=sf.voice_setup_identify_callers.htm&type=5 (last visited January 23, 2023).

- "Configure Your Service Cloud Voice Contact Center," https://help.salesforce.com/s/articleView?id=sf.voice_pt_manual_config.htm&type=5 (last visited January 23, 2023).

- "Lightning Dialer: Use a Custom Caller ID," https://help.salesforce.com/s/articleView?id=release-notes.rn_sales_dialer_top.htm&release=222&type=5 (last visited January 23, 2023).

- "Add Contact Center Channels to Enable Routing," https://developer.salesforce.com/docs/atlas.en-us.voice_pt_developer_guide.meta/voice_pt_developer_guide/voice_pt_automated_phone_list.htm (last accessed January 23, 2023).

19. Defendant therefore actively, knowingly, and intentionally has been inducing and continue to induce infringement of the '731 Patent, literally and/or by the doctrine of equivalents, by instructing and encouraging their customers, purchasers, developers, and/or end users to use the Accused Products in a manner that infringes one or more claims of the '731 Patent.

20. **Contributory Infringement**. Defendant has committed, and continues to commit, contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly selling the Accused Products that when used cause the direct infringement of one or more claims of the '731 Patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '731 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

21. Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute to its customers' infringement of the '731 Patent, literally and/or by the doctrine of equivalents, by selling the Accused Products to them for use in end user products in a manner that infringes one or more claims of the '731 Patent. The Accused Products are especially made or adapted for infringing the '731 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs and Exhibit 2, the Accused Products contain functionality which is material to at least one claim of the '731 Patent.

22. Exhibit 2 includes a chart comparing the Exemplary '731 Patent Claims to the Accused Products. As set forth in that chart, the Accused Products practice the technology claimed

by the '731 Patent. Accordingly, the Accused Products incorporated in this chart satisfy all elements of the Exemplary '731 Patent Claims.

23. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit 2.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

25. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '731 Patent is valid and enforceable;

B. A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '731 Patent, and that such infringement was willful;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the '731 Patent, including treble damages for willful infringement as provided in that section;

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '731 Patent, including pre- or post-judgment interest, costs, disbursements, and enhanced damages for Defendant's willful infringement of the '731 patent, as justified under 35 U.S.C. § 284;

F.      A judgment that awards Plaintiff ongoing royalties for Defendant's continued direct and/or indirect infringement of the '731 Patent;

G.      And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, and accounting:

    i.      that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs and expenses that it incurs in prosecuting this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 25, 2023 RESPECTFULLY SUBMITTED,

By  */s/ Mark D. Siegmund*
Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
Jonathan H. Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (Georgia Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile:  (404) 260-6081

9

Attorneys for Plaintiff
**WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**